UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES COBB,<br><br>          Plaintiff(s),<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant(s). | Case No. 2:21-cv-00677-GMN-NJK<br><br>**Order**<br><br>[Docket No. 19] |

Pending before the Court is the Government's motion to dismiss. Docket No. 19. Plaintiff filed a response. Docket No. 21. The Government filed a reply. Docket No. 23. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to dismiss is **DENIED**.

**I.   STANDARDS**

Courts may impose a sanction for the failure of a party or a party's officer, director, or managing agent to appear for his deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Courts may also impose a sanction for failing to provide responses to written discovery. Fed. R. Civ. P. 37(d)(1)(A)(ii). The sanction that may be imposed includes those listed in Rule 37(b)(2)(A)(i)-(vi), some of which contemplate a severe sanction such as dismissal. *See* Fed. R. Civ. P. 37(d)(3).

The Court has "great latitude" in fashioning a sanction pursuant to Rule 37. *See Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir .1985). In appropriate situations, the Court may find that a severe sanction is necessary to prevent some benefit to the sanctioned party. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976) (finding that extreme sanction of dismissal was appropriate due to respondents' flagrant bad faith and their counsel's callous disregard of responsibilities). At the same time, a case-dispositive sanction is a harsh

penalty reserved for extreme circumstances. *See, e.g., Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011). To justify a case-dispositive sanction, the disobedient party's conduct must be due to willfulness, fault, or bad faith. *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981).

The Ninth Circuit has constructed a five-factor analysis to determine whether a case-dispositive sanction under Rule 37 is just: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012). With respect to this final consideration, the Ninth Circuit looks to (1) whether the Court considered lesser sanctions; (2) whether it tried lesser sanctions; and (3) whether it warned the recalcitrant party about the possibility of case-dispositive sanctions. *See, e.g., id.* at 1170.

## II. ANALYSIS

The circumstances presented in the motion do not justify the imposition of the severe sanction of dismissal.[1] The Government's motion is predicated most significantly on the fact that Plaintiff did not appear for his deposition given a pre-existing dispute as to whether it should be held remotely or in-person. Docket No. 19 at 1-2.[2] The proper course for Plaintiff in that scenario was to file a motion for protective order to obtain relief from the deposition, rather than simply not appearing for the deposition. *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964). Moreover, providing advanced notice of a non-appearance is not a substitute for filing a motion for protective order. *Nationstar Mort., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 337 n.8 (D. Nev. 2016). While Plaintiff may have run afoul of his

---

[1] "[D]ismissal is not a sanction to be invoked lightly." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). To that end, counsel should be mindful to submit well-developed and well-supported argument when they are seeking such significant relief from the Court. *See Taddeo v. Am. Invsco Corp.*, 2015 WL 751072, at *1 (D. Nev. Feb. 20, 2015). The Government's emaciated briefing fell well short. *See* Docket No. 19 (three-page motion); Docket No. 23 (one-page reply).

[2] The Government also indicates that Plaintiff has not produced a proper HIPAA release. Docket No. 19 at 2. The Court does not find that shortcoming to be an appropriate ground for dismissal in the circumstances of this case. Counsel should confer on that issue and, to the extent they are truly unable to resolve it without judicial intervention, then the Government may file appropriate motion practice to obtain the release.

obligations by failing to appear for his deposition, the Court does not find that Plaintiff's conduct warrants the extreme remedy of dismissal.[3]

In the circumstances presented, the Court will impose the lesser sanctions that Plaintiff must reimburse the Government for its sunk deposition costs of $293.75. Plaintiff must pay these costs by May 23, 2022. Counsel must also immediately confer on an appropriate date and manner for Plaintiff's deposition.

### III. CONCLUSION

For the reasons discussed above, the Government's motion to dismiss is **DENIED**.

IT IS SO ORDERED.

Dated: May 2, 2022

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
Nancy J. Koppe
United States Magistrate Judge

---

[3] The Government argues in reply that it has been prejudiced because the expert disclosure deadline expired a few days before the reply brief was filed and other deadlines are upcoming. *See* Docket No. 23 at 1; *see also* Docket No. 18 at 2-3. To the extent this argument is properly before the Court, *but see Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996), it is not persuasive, *cf. Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017) (collecting cases declining to exclude evidence when any prejudice from late disclosure can be remedied through a short extension of discovery). If the Government believes it needs relief from the current deadlines, it may file a request seeking that relief.

3